UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CATHERINE LAVENTURE )<br>)<br>*Plaintiff,*                   )<br>)<br>*v.*                                          )<br>)<br>STERLING JEWELERS, INC., a )<br>Delaware corporation doing      )<br>business as KAY JEWELERS,  )<br>)<br>*Defendant.*                     )<br>)<br>Serve:                                    )<br>C T CORPORATION SYSTEM )<br>4701 Cox Rd Ste 285               )<br>Glen Allen, VA 23060 - 6808  ) | Civil Action No.:3:23-cv-849 |

# COMPLAINT

The Plaintiff, Catherine Laventure, by counsel, for her Complaint against the Defendant Sterling Jewelers, Inc., a Delaware corporation doing business as Kay Jewelers, states as follows:

1. Plaintiff Catherine Laventure ("Laventure" or "Plaintiff") brings this action for legal, declaratory, and equitable relief to redress the injuries done to her by Defendant Sterling Jewelers, Inc., a Delaware corporation doing business as Kay Jewelers ("Kay Jewelers" or "Defendant"), through Defendant's unlawful discrimination against Plaintiff on the basis of her race, her ability to contract free of racially based discrimination, and for Defendant's retaliation against Plaintiff after she complained of racial discrimination in the

1

workplace, all of which is in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5 (3).

3. Venue is conferred upon this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5 (3).

## PARTIES

4. Plaintiff, a citizen of the United States, is Black. Plaintiff resides in Newport News, Virginia.

5. Kay Jewelers is a retail jewelry company headquartered in Akron, Ohio. Kay Jewelers has more than 1,000 retail storefronts nationwide and more than forty retail storefronts throughout Virginia. Kay Jewelers employs more than 10,000 employees and is an employer within the meaning of 42 U.S.C. § 2000e (b). Kay Jewelers also does business and held itself out to Laventure as Signet Jewelers.

6. Throughout the period of Laventure's employment and thereafter, Kay Jewelers has fully known its duties and responsibilities under the state and federal employment discrimination statutes cited in this Complaint.

FACTS

7.     Kay Jewelers hired Laventure as a seasonal salesperson for its retail store in the Patrick Henry Mall in Newport News, Virginia, on or about December 6, 2022.

8.     Immediately after she was employed, Laventure observed that white employees received more favorable treatment from Kay Jewelers than Laventure did. This more favorable treatment included being scheduled for more work hours, receiving longer breaks, receiving holiday pay, more compensation, more thorough training, and more opportunities for career advancement within Kay Jewelers.

9.     Brandon Bias ("Bias"), who is a white male, was hired after Laventure as a seasonal salesperson of Kay Jewelers in the same retail store as Laventure.

10.    On or about December 12, 2022, Laventure was present when another Kay Jewelers employee, Frederick Marsh ("Marsh") complained to their supervisor, Lavaughn Saunders ("Saunders"), a white female, and to their assistant store manager, Raquel Hernandez ("Hernandez"), a Hispanic female, about Bias's use of the word "nigger" in the workplace. Kay Jewelers' Equal Employment Opportunity Policy expressly prohibits the use of racist epithets in the workplace.

11.    Saunders advised Marsh that she would report Marsh's complaint to Ashli Taylor ("Taylor"), the store's manager, who is a white

female. Neither Saunders, nor Hernandez, nor Taylor ever investigated Marsh's complaint or took any corrective action against Bias despite Kay Jewelers' Equal Opportunity Policy against the use of racist epithets in the workplace.

12.     Shortly after he started work in the Kay Jewelers store, Bias would bring hunting knives, guns, and ammunition to work. Bias would display his arsenal to Laventure in a way that she found intimidating. Laventure asked Bias to stop bringing weapons to work, but he persisted. Kay Jewelers' "Code of Conduct" expressly prohibits "all Team Members and Customers excluding authorized security personnel" from having weapons in the workplace.

13.     Despite being categorized as a "seasonal" employee. Laventure continued to work for Kay Jewelers after the end of the 2022 holiday season. Laventure repeatedly requested additional hours, additional training, and promotion to full-time employment, but her store managers either denied her requests or postponed responding to her requests until some indefinite future date. In contrast, these store managers promoted Bias, who was white, to full-time work and provided him with the training that Laventure had requested.

14.     On or about April 19, 2023, Laventure complained in writing to Ganotakis, the District Manager. In part, her written complaint states that she had

> seen employees of color being treated differently and not given the same opportunities. I've seen an employee bring a knife to work

4

> regularly. This same employee uses racial slurs at employees of color. This behavior is completely ignored by management.

The knife-wielding racist employee to whom Laventure referred was Bias. Laventure's written complaint continued:

> This same employee has been given more hours, and given proper training and he started working with the company after I got hired. I've had a different experience all together. Even customers of certain races aren't given the same treatment as I see management give others. This is very unsettling to say the least. Again, I've already brought these concerns to a manager I felt comfortable discussing this with on multiple occasions, and from what I've gathered, their hands are tied. This is why I'm bringing this to your attention.

15. About two weeks after Laventure's written complaint, on or about May 4, 2023, Kay Jewelers' Loss Prevention Manager, Michael Yaede ("Yaede"), a white male, came to the store to interview Marsh. Marsh repeated to Yaede his complaints about the racist statements made by Bias and Saunders and identified Laventure as a person who was present when Marsh had complained. Marsh was terminated an hour after he made that complaint.

16. On or about May 25, 2023, Roy Speer ("Speer"), who identified himself as an investigator for Signet Jewelers, spoke with Laventure to investigate Marsh's allegations of a racially hostile work environment and retaliation. Laventure confirmed to Speer that she had been present when Marsh complained of Bias's and Saunders' racist statements and the nature of Marsh's complaint. Laventure also provided Speer with her own experiences of disparate treatment because of her race. She also told Speer that Bias was

5

bringing knives, guns, and ammunition to the workplace and that he was displaying those weapons to her in a way that was frightening.

17. Shortly after her conversation with Speer, Laventure was working in the Kay Jewelers store with Bias. Bias pointed out to Laventure a Black man who was walking in the mall outside the store and said, "That monkey thinks he's strong." Laventure was shocked by this racist statement.

18. After Laventure's conversation with Speer, the Kay Jewelers Store Manager, Taylor, began singling Laventure out for unwarranted criticism and threats of termination.

19. On or about June 8, 2023, Laventure made a written complaint to Kay Jewelers' Human Resources department and employee "TIPS" reporting system regarding Bias's racist statements, his persistence in bringing weapons and ammunition to the workplace, and the retaliatory conduct of Taylor and other store managers. In her written complaint to Human Resources, Laventure wrote:

> I've also noticed Brandon Bias (an employee who was reported for using racist slurs ("nigger"), bringing guns, and knives to work) still hasn't been following company policy on so many procedures, and isn't shown any disciplinary action or consequences. He is continuing to use very offensive and racist language in the workplace (calling African American people "monkeys"). Other employees have shown great concern and have been ignored by Ashli Taylor as well. I tried reaching out to Mellisa [Ganotakis] multiple times our (District manager) about my concerns. I was told by Ashli via text, my efforts to reach her via email were unsuccessful. I believe Ashli is making efforts to retaliate against me and terminate me and I'm very uncomfortable and unhappy with working conditions. My hours are being cut since reporting issues to the investor, and Ashli is very unpleasant when

6

speaking to me. Reporting all the unlawful and illegal issues that have been taking place seems to have put me in a position to be retaliated against.

20. On or about June 9, 2023, Laventure was working with Saunders at the Kay Jewelers store. Saunders began playing hip hop music on her mobile phone. The lyrics of the song played by Saunders, "Middle Child" by J. Cole, contain and repeat the word "nigger." Laventure found this behavior strange: Saunders had never before played music in the store on her mobile phone and had never expressed any preference for the sort of music that she had chosen to play. Laventure believed that Saunders was either playing a song featuring the word "nigger" to insult Laventure, or as a clumsy attempt to normalize the racist epithet in the workplace. In either instance, Laventure was offended by Saunders' demeaning conduct.

21. On or about June 12, 2023, Laventure was again working with Saunders at the Kay Jeweler store. Saunders said to Laventure, "There is a lot going on and I wish everyone could just get along." Laventure did not respond and Saunders then said, "I know you went to HR." In response, Laventure said that she had gone to Human Resources because Bias had been using racist slurs and because he had recently referred to a Black man in the mall as a "monkey." Saunders then said, "Well, back in the day Black people were called 'tree niggers.'" Saunders repeated the term "tree niggers" twice more in this conversation. Laventure was, once again, shocked and insulted by the use of this racist epithet by Kay Jewelers' management.

7

22. Later in June, Laventure received a telephone call from a Kay Jewelers' employee or agent following up on Laventure's complaint of June 8, 2023. During that call, the employee or agent said, "I am not trying to minimize the situation, but… I mean, do you know if Brandon [Bias] said the N-word with an 'er' at the end or with an 'a' at the end?" Laventure asked the employee or agent what he meant by that question. The employee or agent responded that he was trying to determine the "context" of the statement. Laventure asked the employee or agent why the context mattered but the employee or agent did not respond.

23. During the month of July 2023, Taylor continued to isolate Laventure and to treat her poorly. Taylor was friendly and pleasant with the store's white employees but would not speak to Laventure except to tell her to go on break.

24. During June and July 2023, on several occasions Bias would show Laventure a box and make comments such as, "I would open this box, but I am not allowed to bring knives to work." Laventure took these statements to be a warning from Bias that he knew she had complained about him to Kay Jewelers' Human Resources department. Because of Bias's penchant for bringing guns and knives to work, Laventure interpreted these warnings to be threats of violence.

25. On or about August 6, 2023, Taylor singled out Laventure and issued her a written disciplinary notice for tardiness and for failing to upsell

enough warranties. White employees, such as Bias and Saunders, who were late for work or who failed to upsell warranties, did not receive similar disciplinary write-ups. This written disciplinary notice was pretextual.

26. On or about August 8, 2023, one of Laventure's co-workers asked Laventure if she had seen the work schedule. When Laventure checked the schedule, she found that her previously scheduled hours had all been removed. Laventure asked Taylor about her schedule and Taylor responded that she had to make the schedule fit the store's needs. Since that time, Laventure has made several requests for work on open shifts, using Kay Jewelers' work scheduling application, but each request has been ignored.

27. Kay Jewelers' refusal to schedule Laventure for work after August 8, 2023, was a termination of Laventure's employment with Kay Jewelers.

28. Between August 8, 2023, and December 8, 2023, Kay Jewelers did not schedule Laventure for work.  On November 13, 2023, Laventure filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, which, on information and belief, notified Kay Jewelers of Laventure's charge of discrimination. On December 8, 2023, Kay Jewelers scheduled Laventure for work on December 11, 2023, from 11:00 a.m. until 3:00 p.m., and on December 13, 2023, from 11:00 a.m. until 3:00 p.m. Kay Jewelers did not notify Laventure that she had been scheduled for work when it made these changes.

29. Laventure did not report for work on December 11, 2023, because Kay Jewelers had not notified her that she was scheduled to work that day.

30. On or about December 12, 2023, Laventure was alerted by a former co-worker at Kay Jewelers that she had been scheduled for work on December 11 and 13, 2023. On December 13, 2023, Laventure timely reported for work.

31. On information and belief, Kay Jewelers' termination of Laventure was because of her race, Black, and in retaliation both for her complaints of a racially hostile work environment and racial discrimination in the workplace and for her participation in the investigation of Marsh's complaints of a racially hostile work environment and racial discrimination in the workplace.

32. With respect to her claims under Title VII, Laventure has exhausted her administrative remedies with the U.S. Equal Employment Opportunity Commission.

## COUNT I
### DISCRIMINATION UNDER 42 U.S.C. § 1981

33. Plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out. Count I and Count II of this Complaint are pleaded in the alternative.

34. Defendant Kay Jewelers, by its actions and failures to act, intentionally discriminated against Laventure on account of her race in violation of 42 U.S.C. § 1981, and has denied Laventure the rights secured to

her by 42 U.S.C. § 1981, for which she seeks appropriate declaratory and injunctive relief, compensatory damages, and back pay against the Defendant Kay Jewelers in an amount to conform to the proof at trial, together with pre-judgment interest and her costs, including attorneys' fees.

35. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights to be free from unlawful discrimination, and Plaintiff is entitled to punitive damages.

36. As a consequence of Defendant Kay Jewelers' intentional discrimination, Laventure has suffered, continues to suffer and will in the future suffer emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, and loss of enjoyment of life.

37. As a consequence of the acts and omissions of Defendant Kay Jewelers, Laventure has incurred and will continue to incur attorneys' fees, costs, and expenses.

## COUNT II
### DISCRIMINATION UNDER TITLE VII

38. Plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out. Count I and Count II of this Complaint are pleaded in the alternative.

39. Plaintiff, because of her race, was denied terms and conditions of employment in violation of Title VII.

40. Defendants' discrimination against Plaintiff was an intentional or reckless disregard of Plaintiff's rights under Title VII.

11

41. Defendants engaged in discriminatory actions described above with malice, or with a reckless indifference to Plaintiff's legal rights. Plaintiff is therefore entitled to punitive damages for Defendants' actions alleged herein.

42. Plaintiff has been damaged as a result of Defendants' unlawful conduct. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered great humiliation, distress, embarrassment, inconvenience, mental anguish, pain, suffering, injury and damages, including damage to her reputation and good will, loss of income, litigation expense including attorney's fees, and consequential damages and other injury.

COUNT III
HOSTILE WORK ENVIRONMENT UNDER 42 U.S.C. § 1981

43. Plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out. Count III and Count IV of this Complaint are pleaded in the alternative.

44. Defendant Kay Jewelers, by its actions and failures to act, created a working environment heavily charged with racial insult, threats of racist violence, and ridicule, in violation of 42 U.S.C. § 1981, and has denied Laventure the rights secured to her by 42 U.S.C. § 1981, for which she seeks appropriate declaratory and injunctive relief, compensatory damages, and back pay against the Defendant Kay Jewelers in an amount to conform to the proof at trial, together with pre-judgment interest and her costs, including attorneys' fees.

45.     Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights to be free from unlawful discrimination, and Plaintiff is entitled to punitive damages.

46.     As a consequence of Defendant Kay Jewelers' intentional discrimination, Laventure has suffered, continues to suffer and will in the future suffer emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, and loss of enjoyment of life.

47.     As a consequence of the acts and omissions of Defendant Kay Jewelers, Laventure has incurred and will continue to incur attorneys' fees, costs and expenses.

## COUNT IV
### HOSTILE WORK ENVIRONMENT UNDER TITLE VII

48.     Plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out. Count III and Count IV of this Complaint are pleaded in the alternative.

49.     Defendant Kay Jewelers, by its actions and failures to act, created a working environment heavily charged with racial insult, threats of racist violence, and ridicule, in violation of Title VII, and has denied Laventure the rights secured to her by Title VII, for which she seeks appropriate declaratory and injunctive relief, compensatory damages, and back pay against the Defendant Kay Jewelers in an amount to conform to the proof at trial, together with pre-judgment interest and her costs, including attorneys' fees.

50. Defendants' discrimination against Plaintiff was an intentional or reckless disregard of Plaintiff's rights under Title VII.

51. Defendants engaged in discriminatory actions described above with malice, or with a reckless indifference to Plaintiff's legal rights. Plaintiff is therefore entitled to punitive damages for Defendants' actions alleged herein.

52. Plaintiff has been damaged as a result of Defendants' unlawful conduct. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered great humiliation, distress, embarrassment, inconvenience, mental anguish, pain, suffering, injury and damages, including damage to her reputation and good will, loss of income, litigation expense including attorney's fees, and consequential damages and other injury.

## COUNT V
### Unlawful Retaliation Under 42 U.S.C. § 1981

53. Plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out. Count V and Count VI of this Complaint are pleaded in the alternative.

54. As a Black citizen, Laventure was entitled to the same terms and conditions of employment at Kay Jewelers as were available at Kay Jewelers to white employees. She made reasonable complaints, pursuant to 42 U.S.C. § 1981, opposing the racially hostile environment surrounding Bias and Saunders' treatment of her and Marsh and the racially discriminatory language and conduct Bias and Saunders used toward her and Marsh. In

addition, Laventure participated in the investigation of Marsh's similar complaints of racially discriminatory conduct and a racially hostile work environment, in which she confirmed the truth of Marsh's allegations. Laventure's conduct in opposing the racially hostile environment surrounding Bias and Saunders' treatment of her and Marsh, opposing the racially discriminatory language Bias and Saunders used toward her and Marsh, and opposing Kay Jewelers' retaliatory actions toward her, as well as her actions participating in the investigation of Marsh's similar complaints, was protected conduct under 42 U.S.C. § 1981.

55. Defendant Kay Jewelers unlawfully retaliated against Laventure by subjecting her to unwarranted and pretextual criticism and discipline, reducing and then eliminating her hours, and ultimately terminating her because of her complaints and because she participated in the investigation of Marsh's complaints.

56. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights to be free from retaliation, and Plaintiff is entitled to punitive damages.

57. As a consequence of Defendant Kay Jewelers' unlawful retaliation, Laventure has suffered emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, and loss of enjoyment of life.

58. As a consequence of Defendant Kay Jewelers' unlawful actions, Laventure has lost wages and other financial incidents and benefits of employment.

59. As a consequence of the acts and omissions of Defendant Kay Jewelers, Laventure has incurred and will continue to incur attorneys' fees, costs and expenses.

COUNT VI
UNLAWFUL RETALIATION UNDER TITLE VII

60. Plaintiff incorporates by reference and realleges the preceding paragraphs herein as though fully set out. Count V and Count VI of this Complaint are pleaded in the alternative.

61. Kay Jewelers' actions and failures to act, alleged above, discriminated against Laventure because of her race and created and perpetuated a racially hostile environment in the workplace. Laventure made reasonable complaints to Kay Jewelers, opposing the racially hostile environment surrounding Bias and Saunders' treatment of her, opposing the racially discriminatory language Bias and Saunders used toward her, and opposing Kay Jewelers' retaliatory actions in singling her out for unwarranted criticism, reducing her hours, and ultimately terminating her. Laventure, further, participated in the investigation of Marsh's similar complaints of racial discrimination and racially hostile work environment and confirmed the truth of Marsh's allegations. Laventure's conduct in opposing the racially hostile environment surrounding Bias and Saunders' treatment of her and

Marsh, opposing the racially discriminatory language Bias and Saunders used toward her and Marsh, and opposing Kay Jewelers' retaliatory actions toward her, as well as her actions participating in the investigation of Marsh's similar complaints, was protected conduct under Title VII.

62. Defendant Kay Jewelers unlawfully retaliated against Laventure, because she engaged in protected conduct, by reducing her hours, subjecting her to unwarranted scrutiny and pretextual criticism, and ultimately terminating her because of her complaints. These actions were discriminatory and in violation of 42 U.S.C. § 2000e-3(a), the anti-retaliation provisions of Title VII.

63. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights to be free from retaliation, and Plaintiff is entitled to punitive damages.

64. As a consequence of Defendant Kay Jewelers' unlawful retaliation, Laventure has suffered emotional distress, anxiety, stress, embarrassment, humiliation, pain, suffering, and loss of enjoyment of life.

65. As a consequence of Defendant Kay Jewelers' unlawful actions, Laventure has lost wages and other financial incidents and benefits of employment.

66. As a consequence of the acts and omissions of Defendant Kay Jewelers, Laventure has incurred and will continue to incur attorneys' fees, costs and expenses.

**WHEREFORE**, Plaintiff Catherine Laventure demands judgment against Defendant Sterling Jewelers, Inc., a Delaware corporation doing business as Kay Jewelers, as follows:

(a) Declaring that the acts and practices complained of herein are in violation of Laventure's rights as secured by 42 U.S.C. § 1981 and Title VII;

(b) Requiring Defendant to reinstate Laventure's employment or place her in a position of equal duties, responsibilities, and opportunities for advancement, with equal pay and benefits, as Laventure would have received but for Defendant's discriminatory conduct, or in the alternative, compensate her with adequate front pay;

(c) Issuing a permanent injunction enjoining Defendant from continuing or maintaining a policy, practice or custom of denying, abridging, withholding or conditioning the rights of employees on the basis of race, which rights are secured by 42 U.S.C. § 1981 and Title VII;

(d) Awarding Laventure back pay, prejudgment interest and appropriate recovery for lost employment benefits, and other affirmative relief as may be appropriate, and for all other wages and benefits lost or denied;

(e) Awarding Laventure compensatory damages under 42 U.S.C. § 1981 in the in an amount to conform to the proof at trial but not less than $500,000 or, in the alternative, awarding Laventure compensatory damages under Title VII in an amount to conform to the proof at trial but not less than $500,000, subject to any applicable limitation on such damages;

(f) Awarding Laventure punitive damages in the amount of $350,000, subject to any applicable limitation on such damages;

(g) Awarding Laventure her attorneys' fees and costs incurred in this action, together with expert witness fees and expenses;

(h) Awarding Laventure an amount sufficient to offset any adverse tax consequences resulting from a lump sum award or an award of other relief in this action because he was required to file suit to enforce her federally protected rights; and

(i) Ordering any other relief this court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury in this action.

CATHERINE LAVENTURE

By Counsel

/s/Blackwell N. Shelley, Jr.
Blackwell N. Shelley, Jr. (VSB No. 28142)
Tim Schulte (VSB No. 41881)
Shelley Cupp Schulte, P.C.
3 W. Cary Street
Richmond, Virginia 23220
Tel: (804) 644-9700
Fax: (804) 278-9634
shelley@scs-work.com
*Attorneys for Plaintiff*